[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Concerning Plaintiff's Motion for Reconsideration
The Plaintiff has filed a motion for reconsideration in the above-entitled matter. The Plaintiff requests that the court reconsider and reverse its decision dated July 23, 1996, which dismissed Plaintiff's appeal of an administrative ruling by the Defendant board which revoked his pistol permit.
In his motion for reconsideration, the Plaintiff contends that the written decision rendered by the Board after its administrative hearing failed to logically and understandably connect its factual findings to its legal conclusion that Plaintiff was an unsuitable person to have a firearms permit. CT Page 5325-FFFF Plaintiff further contends that this court, in its decision sustaining the action of the defendant, substituted its judgment for that of the agency on questions of fact.
The court has carefully considered the briefs of both parties, and their oral arguments, with respect to the instant motion.
In its written memorandum of decision, the Defendant cited two-alcohol related incidents of illegal conduct by Plaintiff as the basis for its determination that Plaintiff was not a suitable permittee. The memorandum of decision also indicated that the Board's decision was based "upon the facts produced at hearing." Plaintiff attended and testified at that hearing, and his counsel conducted direct and cross examination of the various witnesses who testified at the proceeding.
Evidence in an administrative hearing is sufficient to sustain an agency's finding if it affords "a substantial basis of fact from which the fact in issue can be reasonably inferred."Lawrence v. Kozlowski, 171 Conn. 705, 713 (1976). In its appellate review of the administrative board's findings, this court is statutorily mandated to consider "the reliable. probative and substantial evidence on the whole record." C.G.S. 4-183 (j)(5).
As noted in it s July 23, 1996 memorandum of decision, this court reviewed the entire case record, including the documentary and testimonial evidence offered by the parties at the administrative hearing. That review revealed substantial evidence which supported the factual findings and conclusions of law articulated in the Board's decision. It also remains clear to the court that there was a logical connection or nexus between the facts cited in the Defendant's decision, and its ultimate ruling. Although the Board's written memorandum was hardly expansive, it did sufficiently indicate the action which the Board was taking, and the incidents which prompted that action. Accordingly, Plaintiff's motion, and the relief requested therein, is hereby denied.
Dated at Middletown, Connecticut this 11th day of September, 1996.
Dyer, J. CT Page 5325-GGGG